UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA L. DANIEL,
a/k/a CHRISTINA MARTINEZ,

       Plaintiff,                  CIVIL ACTION NO. 12-10297

       v.                               DISTRICT JUDGE LAWRENCE P. ZATKOFF

COMMISSIONER OF                MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Christina Daniel, a/k/a Christina Martinez, brings this 42 U.S.C. § 405(g) action to challenge the Commissioner of Social Security's ("Commissioner") final denial of her benefits application. Cross motions for summary judgment motion are pending (Dkts. 7 & 8); Plaintiff also filed a response to the Commissioner's motion (Dkt. 9). Judge Lawrence P. Zatkoff referred the motions to this Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

**I. RECOMMENDATION**

For the reasons indicated below, it is **RECOMMENDED** that: Plaintiff's motion for summary judgment be **GRANTED IN PART**; Defendant's motion for summary judgment be **DENIED**; and this matter be **REMANDED** for review of new and material evidence from two of Plaintiff's treating physicians that the ALJ did not consider.

-1-

**II. REPORT**

    *A.    Administrative Proceedings*

Plaintiff applied for benefits on March 19, 2008, alleging that she became unable to work on February 27, 2007 (Tr. 21). The Commissioner initially denied Plaintiff's application on May 15, 2008 (Tr. 21). Plaintiff requested a hearing and, on November 10, 2009, appeared with counsel before Administrative Law Judge ("ALJ") Mary Ann Poulose, who considered the case *de novo*. In a decision dated May 17, 2010, the ALJ found that Plaintiff was not disabled (Tr. 21-28). Plaintiff requested an Appeals Council review of this decision (Tr. 8-12). On November 25, 2011, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review (Tr. 1-3).

    *B.    ALJ Findings*

Plaintiff was 40 years old on her alleged disability onset date (Tr. 27). She previously worked as an auto assembly line worker (Tr. 27). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since February 27, 2007, her alleged disability onset date (Tr. 23).

At step two, the ALJ found that Plaintiff had the following "severe" impairments: "cervical spondylosis, carpal tunnel syndrome on the right, and bursitis of the right shoulder" (Tr. 23). Notably, the ALJ also found that Plaintiff "alleged she was disabled by fibromyalgia[1][,] however there were no significant objective medical findings in the record which existed in order for this impairment to be considered 'severe' within the meaning of the regulations" (Tr. 23).

---

[1] Fibromyalgia "is a common syndrome in which a person has long-term, body-wide pain and tenderness in the joints, muscles, tendons, and other soft tissues. Fibromyalgia has also been linked to fatigue, sleep problems, headaches, depression, and anxiety" *See* http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001463/ (last visited January 17, 2013).

At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or medically equaled one of the listings in the regulations. *Id.*

Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform:

> [A] full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] may only occasional (sic) fingering with the right dominant upper extremity and no working overhead (Tr. 24).

At step four, the ALJ found that Plaintiff could not perform her previous work as an assembly line worker (Tr. 27). At step five, the ALJ denied Plaintiff benefits, finding that she could perform a significant number of jobs available in the national economy, such as clerk (80,000 jobs), hand packager (120,000 jobs) or hostess (100,000 jobs in the national economy) (Tr. 28).

### C. Plaintiff's Claims of Error

Plaintiff raises two arguments on appeal. First, Plaintiff claims that the ALJ failed to adequately develop the record, because the ALJ did not obtain records from two of her treating physicians – Drs. Scheiber and Ottoni .

During the relevant time period, Plaintiff was known by two names: Christina Martinez and Christina Daniel.[2] However, the Social Security Agency ('the Agency") requested records from Drs. Scheiber and Ottoni under the name "Chris Martinez" only.[3] Dr. Scheiber's office responded that "[n]o records for a pt. by the name of Chris Martinez" (Tr. 225); Dr. Ottoni's

---

[2] There is some confusion as to which name is Plaintiff's married name, and which is her maiden or prior married name. In Plaintiff's motion for summary judgment, she claims that her prior married name is "Martinez," and that she was divorced in 2002 (Dkt. 7 at 10). However, Plaintiff also reported to the Agency that her former husband's name was "Edward Daniel" (Tr. 139), suggesting that her former married name was "Daniel." In any event, it appears that Plaintiff was known by both names during the relevant time period.

[3] "Chris" is not Plaintiff's full first name; medical records are typically obtained by referring to the patient's full name and all other names used by the patient during the treatment period.

office stated "[n]o records from C. Martinez *and Authorization is signed by a Christina Daniel*" (Tr. 227) (emphasis added). Plaintiff argues that the Agency should have requested records under the names Christina Daniel and Christina Martinez, and that, given the responses received from the doctors' offices, the Commissioner had a duty to follow-up and ensure it had Plaintiff's complete medical history.

Plaintiff also argues that the unconsidered records were material: Dr. Scheiber treated Plaintiff for fibromyalgia – an impairment that the ALJ found unsubstantiated and, thus, "non-severe" at step two of the analysis; Dr. Ottoni preformed Plaintiff's carpal tunnel release surgery in May 2007 (Tr. 316).

Plaintiff's second argument on appeal is that the ALJ's RFC assessment is not supported by substantial evidence.

### III.   DISCUSSION

#### A.   *Framework for Disability Determinations*

Under the Social Security Act (the "Act") Disability Insurance Benefits and Supplemental Security Income are available only for individuals who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

>Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
>Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
>Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
>Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
>Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.     *Standard of Review*

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited such that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of

-5-

substantial rights because of the agency's procedural lapses." (internal quotation marks omitted)). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion."); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, this Court is limited to an examination of the record and must consider that record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535. There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in [her] written decision every piece of evidence submitted by a party." (internal quotation marks omitted)). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the

ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

*C.      Analysis*

As noted earlier, Plaintiff raises two arguments on appeal. First, Plaintiff argues that the ALJ failed to adequately develop the record, by not obtaining files from two treating physicians – Drs. Scheiber and Ottoni. Second, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. This Magistrate Judge finds that Plaintiff's first argument is well-taken, and that this matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the records from Drs. Scheiber and Ottoni. Stated differently, the ALJ erred in failing to develop the record and a remand is required for consideration of the records from Plaintiff's treating physicians. Because Plaintiff's first argument warrants remand, it is unnecessary to reach her second argument.

Social security proceedings – unlike judicial ones – are inquisitorial, not adversarial. *See, e.g., Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) (plurality). Consequently, an ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Id.* at 110-11 (citing *Richardson v. Perales*, 402 U.S. 389, 400-401 (1971)). The Sixth Circuit has also long recognized an ALJ's obligation to fully develop the record. *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392 (6th Cir. 2010) (citing *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (noting that an ALJ has the ultimate responsibility for ensuring that every claimant receives a full and fair hearing) (citing *Richardson*, 402 U.S. at 411)). An ALJ has a duty to develop the record even where, as here, the claimant was represented by counsel. *See Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993).

Furthermore, the Agency's regulations *require* the ALJ to develop a claimant's complete medical history for at least 12 months preceding the month in which she filed her application for

benefits and to make every reasonable effort to help the claimant get medical reports from her own medical sources. *See* 20 C.F.R. § 404.1512(d).[4] Under 20 C.F.R. § 404.1512(e)[5], an ALJ generally must recontact the claimant's medical sources for additional information when the record evidence is inadequate to determine whether the claimant is disabled.

Defendant contends that Plaintiff bears the burden of proving disability, and Plaintiff is to blame for any mix-up concerning her name. (Dkt. 8 at 11-12). To be sure, Plaintiff is not

---

[4] 20 C.F.R. § 404.1512(d) provides as follows:

Our responsibility. Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application. We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports.

[5] 20 C.F.R. § 404.1512(e) provides as follows:

Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.

(1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

(2) We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings.

blameless for this confusion. However, this Magistrate Judge finds that the Commissioner had a duty to follow-up with Drs. Scheiber and Ottoni, given the responses the Commissioner received from these doctors. In particular, the Commissioner should have been aware that something was amiss when Dr. Ottoni's office responded "[n]o records from C. Martinez and Authorization is signed by a Christina Daniel" (Tr. 227). Therefore, the case should be sent back for consideration of the unproduced records to ensure that Plaintiff's claim is fairly and completely adjudicated. *See, e.g., Miksch v. Massanari*, 18 Fed. App'x. 632, 634 (9th Cir. 2001) (holding that ALJs have "an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

Although Plaintiff does not explicitly request a "sentence six" remand in her motion for summary judgment, this Magistrate Judge finds that sentence six is the best avenue through which this case should be returned to the ALJ.[6] Sentence six of 42 U.S.C. § 405(g) provides: "The court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding" 42 U.S.C. § 405(g). As its text indicates, a sentence six remand is only appropriate where the evidence not before the ALJ is "new" and "material," and that there was "good cause" for not producing the evidence earlier. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)).

Evidence is "new" only if it was "'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496

---

[6] Ideally, Plaintiff would have obtained the records from Drs. Scheiber and Ottoni and presented them to this Court for a full sentence six analysis. Still, because this Magistrate Judge finds that the Commissioner had some culpability in not obtaining these records, a remand is warranted.

U.S. 617, 626 (1990)). Further, "new" evidence must not be merely cumulative of evidence already part of the record. *Wilson v. Comm'r of Soc. Sec.*, No. 10–13828, 2011 WL 2607098, at *6 (E.D. Mich. July 1, 2011); *see also Carroll v. Califano*, 619 F.2d 1157, 1161 (6th Cir.1980) ("[W]here the issue in question has already been fully considered, further evidence on that point is merely cumulative").

New evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) ("Material evidence is evidence that would likely change the Commissioner's decision") (citing *Sizemore*, 865 F.2d at 711)). A corollary to this requirement is that "material" evidence must be "probative of the claimant's condition for the time period for which benefits were denied." *Wilson*, 2011 WL 2607098, at *6; *see also Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) ("Evidence of a subsequent deterioration or change in condition after the administrative hearing is ... immaterial").

A claimant shows "good cause" by providing a reasonable justification for failing to acquire and present the new and material evidence to the ALJ. *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (1984) (per curiam). Good cause "contemplates more than strategic delay, or sandbagging, of evidence and more than simple miscalculation of the necessity of producing such evidence in the first instance to establish a claim of disability." *Haney v. Astrue*, No. 5:07CV 188, 2009 WL 700057, at *6 (W.D.Ky. Mar. 13, 2009) (internal citations omitted).

In this case, the evidence from Drs. Scheiber and Ottoni is "new" in as much as it was not presented to the ALJ, due to a mix-up concerning Plaintiff's name. Courts have held that, where

evidence was requested by the Commissioner – but not produced for the ALJ's consideration – the evidence is considered "unavailable" to a claimant, thus satisfying the first requirement for a sentence six remand. *See Beseler v. Comm'r of Soc. Sec.*, Case No. No. 2:11–cv–315, 2012 WL 3779301 *4 (W.D.Mich. Aug. 31, 2012) quoting *Gillaspy v. Astrue*, 178 Soc. Sec. Rep. Serv. 418, 2012 WL 1969340 (S.D.Ohio June 1, 2012). Furthermore, the evidence is not cumulative, since Plaintiff contends that this evidence concerns treatment of her fibromyalgia – an alleged impairment that the ALJ found completely unsubstantiated, based on the record as it existed before the ALJ issued her decision (Tr. 23).

As far as materiality, in the Sixth Circuit, step two of the disability analysis has been construed as a *de minimis* hurdle in the disability determination process. *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Murphy v. Sec'y of Health & Human Servs.*, 801 F.2d 182, 185 (6th Cir. 1986); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 690-92 (6th Cir. 1985); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985)). "Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs*, 880 F.2d at 862 (citing *Farris*, 773 F.2d at 90). Importantly, the ALJ found that Plaintiff's alleged fibromyalgia was "non-severe" at step two of the analysis, because there were "no significant objective medical findings in the record" (Tr. 23) concerning fibromyalgia. Plaintiff contends that Dr. Scheiber treated her fibromyalgia (Dkt. 7 at 10). If this turns out to be the case, it is highly likely that – given the *de minimus* hurdle of step two – the ALJ will find that Plaintiff's fibromyalgia is a "severe" impairment and, consequently, the entire subsequent analysis changes.

Finally, as to good cause for not obtaining the records, Plaintiff easily clears this hurdle. Plaintiff requested that the Commissioner retrieve these records with every intention that the

-11-

ALJ would consider them. It was only through a mix-up concerning Plaintiff's name that the records were not produced.

In sum, this case should be sent back to the ALJ to consider the records of Drs. Scheiber and Ottoni.

## III. CONCLUSION

For the foregoing reasons, this Magistrate Judge finds that there is good cause for the ALJ to consider new evidence which is material to the disability determination. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED IN PART**, that Defendant's Motion for Summary Judgment be **DENIED**, and that, pursuant to sentence six of 42 U.S.C. § 405(g), the decision of the Commissioner be **REMANDED** for consideration of the records of Drs. Scheiber and Ottoni.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due

within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  *See* E.D. Mich. LR 72.1(d)(3), (4).

          s/Mark A. Randon
          Mark A. Randon
          United States Magistrate Judge

Dated:  January 23, 2013

### Certificate of Service

    *I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 23, 2013, by electronic and/or ordinary mail.*

          *s/Eddrey O. Butts*
          *Substitute Case Manager*